# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: Craig Hildebrandt<br>and<br>Stacy Hildebrandt,<br>          Debtors.<br>-----------------------------------------<br>Chicago Materials Corporation,<br>an Illinois corporation, a Subsidiary of K-Five Construction Corporation, an Illinois corporation,<br>          Plaintiff,<br>v.<br>Craig Hildebrandt,<br>          Defendant – Debtor. | Bankruptcy No. 08-B-06162<br>Adversary No. 08-A-00336<br>Chapter 7<br>Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion to dismiss filed by defendant-debtor Craig Hildebrandt ("Debtor"), pursuant to Fed. R. Civ. P. 12(b)(6) made applicable to these proceedings through Fed. R. Bankr. P. 7012, on September 2, 2008. For the reasons set forth herein, the Court grants in part and denies in part Debtor's motion to dismiss without prejudice and grants Plaintiff leave to amend his adversary complaint within 30 days, consistent with this opinion.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (J).

## FACTS AND BACKGROUND

On March 14, 2008, the debtor Craig Hildebrandt ("Debtor") filed a voluntary Chapter 7 bankruptcy petition, no. 08-06162. Debtor is the Vice President and Secretary of Hildebrandt Paving Limited ("HP"), an Illinois corporation, with its principal place of business in Elgin, Illinois. Creditor Chicago Materials Corporation ("CMC") is an Illinois corporation that is engaged in the business of supplying bituminous materials for construction projects, with its principal place of business at 13769 Main Street, Lemont, Illinois.

HP purchased bituminous materials from CMC for use in paving services provided by HP pursuant to a contract with The Frederick Quinn Corporation ("Quinn"). Quinn had a contract with Plainfield Community Consolidated School District No. 202 ("School District") for construction services, whereby HP was Quinn's subcontractor, at the Plainfield High School in Plainfield, Illinois. Between June 4, 2004 and August 16, 2005 and again between October 10, 2005 and November 1, 2005, HP ordered materials from CMC to perform paving services for the School District through HP's contract with Quinn. HP allegedly has outstanding debt of $133,513.97 to CMC and there is a related and pending state lawsuit in the Twelfth Judicial Circuit of Illinois in Will County, no. 06-CH-556, between CMC and the School District versus Quinn, HP and Great American Insurance Company ("GAIC"). This state action includes a bond claim against Quinn and GAIC, pursuant to 30 ILCS 550/1, and a public mechanics lien, pursuant to 770 ILCS 60/23. Quinn and GAIC raised affirmative defenses in the state action that HP provided Quinn a final lien waiver for the material supplied by CMC, which estopped CMC from seeking payment from Quinn or GAIC.

This "final" lien waiver between HP and Quinn as it relates to CMC is the matter at issue in CMC's adversary complaint against Debtor, filed June 4, 2008, that alleged fraud, inter alia.

On February 1, 2006, Debtor requested a final lien waiver from CMC to obtain payment from Quinn for services rendered and materials supplied in the School District projects. On February 2, 2006, CMC provided Debtor with a final waiver of lien that was conditioned on CMC receiving payment for the amount of the final waiver lien from HP. On February 2, 2006, after reviewing the conditional waiver, Debtor allegedly contacted CMC and advised it that Quinn would not accept the conditional waiver and requested CMC provide an amended "final" waiver lien without the conditional language. On February 7, 2006, CMC provided Debtor with an amended "final" lien waiver without the conditional language. Along with the amended "final" lien waiver, CMC sent a statement that Debtor signed that indicated that HP owed CMC an outstanding balance for material supplied by CMC to HP.

On June 4, 2008, CMC filed a four count adversary complaint no. 08-00336 against Debtor and alleged common law fraud under Count I, a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act under Count II, negligent misrepresentation under Count III, and declaratory relief, pursuant to 11 U.S.C. § 523(a)(2), under Count IV. Along with the § 523 declaratory relief, CMC sought judgment in the amount of $133,513.97 from Debtor.

Specifically, CMC asserts that Debtor, without specifying whether in his individual capacity or as a representative of Hildebrandt Paving, Ltd., committed fraud against CMC. According to CMC, fraud occurred in the following manner. First, Quinn did not know that the amended "final" waiver, which Debtor submitted to Quinn, was not a final lien waiver. Second, Debtor did not present the first conditional lien waiver to Quinn for consideration. Third, Debtor did not advise Quinn that the amended "final" lien waiver was not complete because HP had not paid CMC for the materials provided to it by CMC, as reflected in the amended "final" waiver. Thus, based on the amended "final" waiver, Quinn paid HP the amount set forth in the amended

"final" waiver. Consequently, CMC alleges that Debtor intended to defraud CMC by requesting an amended "final" waiver without conditional payment language because Debtor told CMC that Quinn would not sign the waiver unless the conditions were removed. Then, CMC alleges that Debtor intended to take the money from Quinn without paying CMC.

On September 2, 2008, Debtor filed a motion to dismiss CMC's adversary complaint no. 08-00336. Debtor asserts that CMC does not have a claim against him, in his individual capacity; instead, CMC may only have a claim against Debtor as a representative of Hildebrandt Paving, Ltd. Thus, Debtor asserts that the adversary complaint should be dismissed because there is no claim against Debtor. Accordingly, Debtor asserts that CMC failed to properly plead fraud under Fed. R. Civ. P. 9(b) and failed to state a valid claim under the Illinois Consumer Fraud and Deceptive Practices Act. Therefore, Debtor asserts that the declaratory relief under § 523(a)(2) should be dismissed.

On October 14, 2008, CMC filed a response to Debtor's motion to dismiss. CMC responds that it properly asserted its torts claim against Debtor because corporate officers, such as Debtor, are individually liable for their own tortuous acts and for the torts of the corporation in which they personally and actively participate, citing People ex rel. Hartigan v. E & E Hauling, Inc., 607 N.E.2d 165, 178-80 (Ill. 1992); Buckner v. O'Brien, 677 N.E.2d 1363, 1367 (Ill. App. Ct. 2007); Veteran Supply Co. v. Swaw, 548 N.E.2d 667, 669-70 (Ill. App. Ct. 1989); Nat'l Acceptance Co. of Am. v. Pintura Corp., 418 N.E.2d 1114, 1116-17 (Ill. App. Ct. 1981); Citizens Sav. & Loan Ass'n v. Fischer, 214 N.E.2d 612, 613-17 (Ill. App. Ct. 1966). Furthermore, CMC alleges that its complaint satisfied the pleadings requirements of Rule 9(b) because it identified the "who" element, when the complaint alleged that Debtor made the misrepresentation, and the "how" element, when the complaint alleged that Debtor made a fraudulent statement to CMC

and that the Debtor failed to disclose a material fact to Quinn when the Debtor submitted the amended "final" waiver to Quinn. Moreover, CMC alleges that it properly asserted its Illinois Consumer Fraud and Deceptive Business Practices Act claim against Debtor because corporate officers, such as Debtor, are individually liable for their own tortuous acts and for the torts of the corporation in which they personally and actively participate, citing E & E Hauling, Inc., supra, 607 N.E.2d at 178-80. In addition, CMC asserts that Rule 9(b) does not apply to negligent misrepresentation claims, citing Tricontinental Indus., Ltd. V. PricewaterhouseCoopers, LLP, 475 F.3d 824, 833 (7th Cir. 2007). In the alternative, CMC requests the Court for leave to file an amended adversary complaint if Rule 9(b) has not been satisfied, citing Kaye v. City of Milwaukee, No. 06-3139, 2007 U.S. App. LEXIS 29339, at *4 (7th Cir. Dec. 17, 2007).

On October 28, 2008, Debtor filed a reply to CMC's response. Debtor asserts that CMC failed to properly plead fraud because it failed to state the where, when and what of the alleged fraudulent statement, in addition to the who and how, citing Lachmund v. ADM Investor Serv., Inc., 191 F.3d 777, 782 (7th Cir. 1999), Piser v. Lunn Partners, LLC, No. 03-C-5816, 2004 WL 549444, at *1 (N.D. Ill. Mar. 18, 2004). Moreover, Debtor states that the alleged fraudulent statement was a mere prediction that is insufficient under Illinois state law, since it must relate to past or current facts about the future, citing Power v. Smith, 786 N.E.2d 1113, 1118-19 (Ill. App. Ct. 2003). Debtor further asserts that disputes between businessmen like Debtor, CMC and Quinn, who are not consumers of each other's goods or services, do not fall within the ambit of the Illinois Consumer Fraud and Business Practices Act, citing Century Universal Enters., Inc. v. Triana Dev. Corp., 510 N.E.2d 1260, 1270 (Ill. App. Ct. 1987), Horshell Graphic Indus., Ltd. V. Valuation Counselors, Inc., 639 F. Supp. 1117 (N.D. Ill. 1986). In addition, Debtor cites In re Konchan, 36 B.R. 393, 397 (Bankr. N.D. Ill. 1992) for the proposition that negligent

misrepresentation by itself is insufficient to constitute a § 523 exception to discharge.

On November 7, 2008, CMC filed a sur-reply in opposition to Debtor's motion to dismiss. CMC states that Debtor's false statement to CMC was that he presented the conditional waiver to Quinn and that Quinn would not accept the conditional waiver. CMC further alleges that these events never occurred and, instead, Debtor falsely represented to CMC that they did occur, citing Adversary Compl., para. 19-20, 23, 34(a). First, CMC states that Debtor's statement represented a false representation of a pre-existing material fact, citing Bradley Real Estate Trust v. Dolan Assocs. Ltd., 640 N.E.2d 9, 12-13 (Ill. App. Ct. 1994). Moreover, CMC asserts that it sufficiently alleged a claim under the "scheme to defraud" exception to the general Illinois state rule prohibiting claims based upon promissory fraud, citing Johnson v. George J. Ball, Inc., 617 N.E.2d 1355, 1362 (Ill. App. Ct. 1993). In addition, CMC alleged more than one false statement of material fact made by Debtor because an omission of a material fact can also constitute a false statement under common law fraud, citing LM Ins. Corp. v. SourceOne Group, Inc., 454 F. Supp. 2d 727, 744 (N.D. Ill. 2006). Furthermore, CMC asserts that the exception for discharge under § 523(a)(2)(A) for "false pretenses" encompasses claims involving implied misrepresentations or conduct that is intended to create or foster a false impression, citing In re Scarlata, 127 B.R. 1004, 1009 (Bankr. N.D. Ill. 1991).

The § 341 meeting of creditors was held on June 9, 2008. On the same date, the Court entered an order of discharge. A no asset report was filed on June 10, 2008. The bankruptcy case no. 08-06162 was closed on June 12, 2008.

### DISCUSSION

Rule 9(b) sets forth a heightened pleading standard for fraud. Fed. R. Civ. P. 9(b). Rule 9(b) requires that "in all averments of fraud . . . the circumstances constituting fraud . . . shall be

stated with particularity." U.S. v. Ortho-McNeil Pharm., Inc., No. 03 C 8239, 2007 WL 2091185, at *3 (N.D. Ill. July 20, 2007) (quoting Fed. R. Civ. P. 9(b)). These circumstances must include the "who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). When a fraud scheme involves numerous transactions over time, a plaintiff need not plead specifics with respect to every instance of the fraud, but must plead at least representative examples of the fraud. U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 376, 379 (7th Cir. 2003); Bantsolas ex rel. U.S. v. Superior Air & Ground Ambulance Transp., Inc., No. 01 C 6168, 2004 WL 609793, at *4 (N.D. Ill. Mar. 22, 2004). While the heightened pleading standard for Rule 9(b) applies to fraud, it does not apply to negligent misrepresentation claims, Tricontinental Indus., Ltd., supra, 475 F.3d at 833. Moreover, negligent misrepresentation by itself is insufficient to constitute a § 523 exception to discharge. In re Konchan, supra, 36 B.R. at 397.

When considering a motion under Rule 12(b)(6), a court must take as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995). The plaintiff need not allege all of the facts involved in the claim. See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994). The claim though must be supported with enough facts, taken as true, that plausibly suggest that the plaintiff is entitled to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

In addition, Rule 15(a) allows plaintiffs to amend once as a matter of course before they are served with a "responsive pleading." Kaye, supra, No. 06-3139, 2007 U.S. App. LEXIS 29339, at *4 (citing Fed. R. Civ. P. 15(a)); see also Fed. R. Bankr. P. 7015 (incorporating Fed. R. Civ. P. 15 in bankruptcy adversary proceedings). If the defendants do not file an answer to the

complaint, which is considered a responsive pleading for purposes of Rule 15, and, instead, filed a motion to dismiss, which is not a responsive pleading, then the plaintiff may amend with leave of court. Kaye, supra, No. 06-3139, 2007 U.S. App. LEXIS 29339, at *4 (citing Crestview Vill. Apts. v. United States HUD, 383 F.3d 552, 557-58 (7th Cir. 2004)).

Here, CMC's claims in Count I, under common law fraud, and Count II, under the Illinois Consumer Fraud and Deceptive Business Practices Act, against Debtor are dismissed pursuant to Rule 9(b) because CMC has failed to plead fraud with particularity and has not pleaded facts that plausibly suggest a cause of action against Debtor. CMC does not specify whether it has a claim against Debtor, in his individual capacity or as a representative of HP. CMC must include the "who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). Moreover, while it asserts additional grounds in its briefs, CMC, in its adversary complaint, does not specify whether it asserts a false representation of pre-existing material fact, Bradley Real Estate Trust, supra, 640 N.E.2d at 12-13; a "scheme to defraud" exception to the Illinois prohibition against promissory fraud, Johnson, supra, 617 N.E.2d at 1362; an omission of a material fact constituting a false statement, LM Ins. Corp., supra, 454 F. Supp. 2d at 744; or an implied misrepresentation intended to foster a false impression, In re Scarlata, supra, 127 B.R. at 1009.

Regarding CMC's Count III for negligent misrepresentation and Count IV for declaratory relief under § 523(a)(2), the heightened pleading standard for Rule 9(b) applies to fraud, but it does not apply to negligent misrepresentation claims. Tricontinental Indus., Ltd., supra, 475 F.3d at 833. Thus, Count III is not dismissed. Negligent misrepresentation by itself, however, is insufficient to constitute a § 523 exception to discharge, In re Konchan, supra, 36 B.R. at 397, and, thus, Count IV for declaratory relief under § 523 is dismissed since the remaining claims

have been previously dismissed.

Since Debtor did not file an answer to the complaint, which is considered a responsive pleading for purposes of Rule 15, and, instead, filed a motion to dismiss, which is not a responsive pleading, CMC may amend with leave of court. Kaye, supra, No. 06-3139, 2007 U.S. App. LEXIS 29339, at *4.

Therefore, dismissal of the claims for Counts I, II and IV, based upon CMC's allegations, is without prejudice. CMC's claim as to Count III on negligent misrepresentation is not dismissed. Thus, Debtor's motion to dismiss is granted in part and denied in part. CMC is granted 30 days from the date of this order to file an amended complaint consistent with this opinion.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Debtor's motion to dismiss without prejudice and grants CMC leave to amend his adversary complaint within 30 days, consistent with this opinion.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: December 18, 2008

The Hon. Manuel Barbosa
United States Bankruptcy Judge